IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD HARRIS : | |
| : | |
| vs. : | |
| : | No. 14-3136 |
| OFFICER WILLIAM CAREY ET AL., : | |

MEMORANDUM

YOHN, J.                                                                                            October 16, 2014

In June 2014, Richard Harris filed a complaint against Officer William Carey, the Chester Police Department, and the City of Chester, alleging the following facts. On January 10, 2013, Carey followed Harris into a mini-mart and ordered him to the ground. Harris complied, and Carey stomped on his head, causing a broken tooth and pierced bottom lip. Carey then arrested him and took him to the Chester police station, where Harris asked the officers to treat his injuries, but they refused. Harris claims that Carey used excessive force while arresting him. He also contends that the defendants acted with deliberate indifference by not treating his injuries at the police station. Finally, he claims that the Chester Police Department and the City of Chester lacked a policy or failed to enforce one to prevent these constitutional violations. The defendants move to dismiss these claims under Federal Rule of Civil Procedure 12(b)(6).

The court first dismisses the Chester Police Department as a party. It is not a separate legal entity subject to suit but is rather an arm of the municipality itself. *Freeman v. City of Chester, Pa.*, No. 10-2830, 2010 WL 3303812, at *1 (E.D. Pa. Aug. 19, 2010).

The court also dismisses Harris's claim that the City of Chester's policy or lack thereof caused violations of his constitutional rights. For this *Monell* claim, he "must identify a custom or policy, and specify what exactly that custom or policy was." *McTernan v. City of York, Pa.*, 564 F.3d 636, 658 (3d Cir. 2009). Harris asserts only that the "City of Chester had no policy or

failed to enforce one to prevent constitutional rights from being violated," which is too vague to meet this standard.

The court next denies Carey's motion to dismiss Harris's claim that Carey used excessive force when arresting him.  This claim is "analyzed under the Fourth Amendment and its 'reasonableness' standard," which asks "whether the officer['s] actions [were] 'objectively reasonable' in light of the facts and circumstances confronting [him], without regard to [his] underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 395, 397 (1989) (citations omitted).  Harris's guilty plea to resisting arrest raises questions about this claim, but his alleged injuries—a chipped tooth and pierced lip—are sufficient to survive a motion to dismiss so that the facts relating to the circumstances surrounding his arrest can be developed.

Finally, the court dismisses Harris's claim of deliberate indifference to his medical needs.  This claim falls under the Fourteenth Amendment, but the standard is the same as the Eighth Amendment.  *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581–82 (3d Cir. 2003).  The inquiry is whether the defendants, "acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health.'" *Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009) (citations omitted).  Here, the defendants did not expose Harris to such a risk by failing to treat his broken tooth and pierced lip for the few hours he was at the station.